

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED DEC 1 2 2014

| | |
|---|---|
| TADEUSZ STROSIN and<br>KRYSTYNA STROSIN<br>452 Depot St.<br>Bridgeport, PA 19405<br>              Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY<br>1 Strawberry Lane<br>Orrville, OH 44667<br>    and<br>THE FOLGERS COFFEE COMPANY<br>1 Strawberry Lane<br>Orrville, OH 44667-0280<br>    and<br>EXEL LOGISTICS<br>570 Polaris Parkway<br>Westerville, OH 43082<br>              Defendants. | 14  7085<br><br>CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

The plaintiffs, Tadeusz Strosin and Krystyna Strosin ("Plaintiffs"), by and through their undersigned counsel, bring the instant action arising from personal injury against Defendants, The J.M. Smucker Company, The Folgers Coffee Company, and Exel Logistics, and makes the following allegations.

### I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 in that the parties are citizens of different states.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 in that the amount in controversy exceeds $75,000.00.

3. This Court may properly exercise jurisdiction over Defendants where they maintain certain minimum contacts with this District such that maintenance of suit does not offend traditional notions of fair play.

4. This Court may properly exercise jurisdiction over Defendants where they have purposefully availed themselves of the privilege of acting within the District, the cause of action arose from the Defendants' activities, and the Defendants regularly, deliberately and consistently utilize this District for business operations, including those involved in this matter.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, within the geographical limits of this District.

## II. JURY DEMAND

6. Plaintiffs hereby demand a trial by jury as to all issues so triable.

## III. PARITES

7. Plaintiffs, TADEUSZ and KRYSTYNA STROSIN, are husband and wife and reside at 452 Depot St., Bridgeport, PA.

8. Defendant, THE J.M. SMUCKER COMPANY ("Smuckers"), is an Ohio corporation that, at all times relevant herein has engaged in business within Lehigh County, Pennsylvania and maintains an office located at 1 Strawberry Lane, Orrville, OH 4466719128.

2

9. Defendant, THE FOLGERS COFFEE COMPANY ("Folgers"), is an Ohio corporation that, at all times relevant herein has engaged in business within Lehigh County, Pennsylvania and maintains an office located at 1 Strawberry Lane, Orrville, OH 4466719128.

10. Defendant, EXEL LOGISTICS ("Exel"), is an Ohio corporation that, at all times relevant herein has engaged in business within Lehigh County, Pennsylvania and maintains an office located at 570 Polaris Parkway, Westerville, Ohio 43082.

11. At all material times hereto, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant hereto in the course and scope of his/her employment with and for a Defendant.

## IV. FACTUAL BACKGROUND

12. At all material times hereto, Plaintiff, T. Strosin was working as a truck driver for Evans Delivery Inc. wherein he would utilize his truck to transport containers from different terminals to other terminals.

13. Plaintiff generally transported containers in and around the Philadelphia metropolitan area.

14. On or about May 15, 2013, Plaintiff, T. Strosin, was performing his usual duties and in the course and scope of his employment when he picked up a container belonging to Smuckers and/or Folgers ("Smuckers Container") from CSX Intermodal terminal, 3400 Columbus Blvd., Philadelphia, PA ("CSX") to load onto his truck for transport. (See Exhibit A, Proof of Delivery Equipment Receipt.)

15. Upon arriving at CSX terminal, Plaintiff learned of the specific Smuckers Comtainer he was expected to transport, and that such container was expected to be

3

transported to the Smuckers' / Folgers terminal located at 8451 Williard Ave, Breinigsville, PA ("Smuckers Terminal"). (See Exhibit A.)

16. Prior to arrival at the Smuckers' Terminal, Plaintiff did not, nor was he permitted to, open the Smuckers Container to shift the contents, affect packing or check the load in any respect. Indeed, Plaintiff was unaware at that time of the specific contents of the Smuckers Container or the specifics of the loading of the container.

17. On or about May 15, 2013, Plaintiff arrived at the Smuckers Terminal with the Smuckers Container that he picked up at the CSX terminal.

18. As Plaintiff began opening the door to the Smuckers Container in the normal course, the packaging pressed forward, whipping the door completely open and causing the packing to separate and fall onto the body of Plaintiff, as a result of which he sustained severe and permanent personal injuries as set forth more fully hereinafter.

19. The items contained in the packaging were cans of folgers coffee, wrapped around several pallets.

20. Each pallet of coffee weighted approximately 80-90 pounds.

21. Two pallets crushed the lower extremity of Plaintiff.

22. Upon information and belief, the aforesaid container was packaged by, or at the direction of, Smuckers, Folgers and/or Exel.

23. Upon information and belief, at the time of the packaging, Exel was acting under the direction, control or contract, and for the benefit of Smuckers and/or Folgers.

24. As a result of the incident, Plaintiff was caused to suffer an open compound fracture of the ankle, which required immediate treatment and surgery.

Plaintiff was then required to undergo a second surgery and was unable to walk for 10-12 weeks.

25. As a result of the incident, Plaintiff could no longer perform his duties as a truck driver and was terminated.

26. Plaintiff also suffered a heart condition, requiring surgery, due to the stress from the incident and loss of income.

27. As a result of the incident, Plaintiff has been compelled, in order to effectuate a cure for the aforementioned injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

28. As a result of the incident, Plaintiff has been prevented from attending to his usual daily activities and duties and may be so prevented for an indefinite time into the future, all to his great detriment and loss.

29. As a result of the incident, Plaintiff suffered physical pain, mental anguish, and humiliation and may continue to suffer same for an indefinite time in the future.

### COUNT I
### Plaintiff Tadeusz Strosin v. Defendants

30. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

31. At all relevant times hereto, Defendants, by and through their agents, servants, workmen and/or employees, while acting in the course of employment and within the scope of their authority, in furtherance of the business of said Defendants, did

effectuate, control, maintain and supervise the packaging and loading of the food products contained in the Sumckers container.

33. At all relevant times hereto, Defendants owed a duty to those persons engaged in the transporting and unloading of the Smuckers Containers to act reasonably under the circumstances and provide adequate safety measures to ensure that unloaders would be free from unreasonable hazards.

33. Defendants, as they undertook the task of loading, securing and hauling food products on trucks, have a duty to exercise due care to persons from risk of harm.

34. Defendants, as they undertook the task of loading, securing and hauling food products on trucks, have a duty to assure that the load does not shift in transit so as to cause an undue risk of harm to persons unloading the cargo.

35. Defendants knew or should have known that improper packaging and loading causes serious injuries at terminals and warehouses such as the Smuckers Facility.

36. Defendants failed to act or implement, through their contractors or employees specific and adequate requirements for proper packaging and loading of food products in containers.

37. At all times relevant hereto, Defendants owed Plaintiff a duty to warn of dangerous conditions they knew or should have known existed within the Smuckers Container.

38. Defendants by and through their agents, servants, workmen and/or employees, were jointly and severally careless and negligent by:

a. Improperly packaging and/or loading food products in containers such as the one transported by Plaintiff;

b. Improperly training employees and individuals to properly load and/or pack food products for containers such as the one transported by Plaintiff;

c. Failing to use appropriate safety techniques and/or equipment in the safe loading and packaging of containers such as the one transported by Plaintiff;

d. Failing to properly and competently supply the appropriate securement devices to ensure that the load does not shift during transport;

e. Improperly supervising employees and individuals to properly load and/or package food products for containers such as the one transported by Plaintiff;

f. Loading and/or packaging materials without due regard for the possibility of shifting during transit;

g. Failing to use reasonable care to inspect, discover and make safe the dangerous conditions and realize that they involve an unreasonable risk of harm;

h. Failing to foresee that the individuals who unload the containers will not discover or realize the danger, or will be unable to protect themselves against it;

i. Failing to use reasonable care to protect unloaders of the containers against the danger;

j. Failing to inspect the food products after packaging and loading and before being picked up for transport by persons such as Plaintiff;

k. Failing to adopt, enact, employ and enforce proper and adequate safety measures, precautions, procedures and plans;

    l.    Failure to correct, remedy, repairs and/or eliminate the unsafe condition of which Defendants were aware or should have been aware.

## COUNT II
### Plaintiff Krystyna Strosin v. Defendants

39.    Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

40.    Plaintiff, Krystyna Strosin, is the wife of Plaintiff, Tadeusz Strosin, and has suffered and will continue to suffer the loss of her husband's services, companionship, assistance, personal relations and consortium as a direct and proximate result of Defendants' conduct as stated above.

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment in favor of Plaintiffs and against Defendants, jointly and severally for all available remedies and damages under law, including but not limited to, compensatory damages, economic damages, past and future mental anguish, pain and suffering, costs and punitive damages in amounts to be determined at trial.

 

**TUCKER LAW GROUP, LLC**

Dated: December 12, 2014

By:  /s/Kathleen Kirkpatrick
Kathleen Kirkpatrick, Esquire
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609
Attorney for Plaintiffs

**THE EVANS NETWORK OF COMPANIES**
Evans, West, All Points, Hale,
Century Express, Land, Phoenix

**PROOF OF DELIVERY EQUIPMENT RECEIPT**

**PRO NO.:** 67080556

**PICK UP:**
(Name) CSX Intermodal Terminal
(Address) 3400 Columbus Blvd
(City/State/Zip) Philadelphia PA
Phone:

**DELIVER TO:**
(Name) SMUCKERS
(Address) 8451 Willard Ave
(City/State/Zip) Breinigsville PA
Phone:

**Cargo Description**

| Pcs. | Description | Seal # | Weight |
|---|---|---|---|
|  | PO# 2760430 Appt # 32164 | 0425500 |  |

Container/Trl No.: UMXU 252304    Chassis No.: _____    Reference No.: _____
Arrival Time: 10:30 ☒AM ☐PM    Started: 11:00 ☒AM ☐PM    Completed: ___:___ ☐AM ☐PM
Driver Unloaded: ☐ Yes ☐ No    Driver Assist: ☐ Yes ☐ No    Help Req.: ☐ Yes ☐ No

Customer is allowed two hours to complete live loading/unloading of this container. Detention time will be assessed in 1/4 hour increments thereafter. Intermodal shipments paid by a third party are not exempt from this provision.

(Notes) Customer acknowledges equipment is in good order except as noted above.
Drop Load: ☐    Drop Empty: ☐    P/U Load: ☐    P/U Empty: ☐    Stay With: ☐

Received in good condition with seal number **COUNT PENDING INVESTIGATION** Intact   Last Free Day _____

Signature: Scott Huler 5/15/13
(Customer Signature)   (Customer Print Name)   (Date)

**DSC LOGISTICS**

When third party equipment is "dropped" or "spotted" at a Shipper/Consignee location for loading or unloading, the Shipper/Consignee agrees to the following. Shipper/Consignee agrees to be financially responsible, to Carrier, for all incurred equipment per diem charges assessed by the equipment owner or provider. Shipper/Consignee agrees to notify Carrier within 12 hours of loading/unloading equipment by written communication.

Driver Name: Tadeusz Strosio    Tractor No.: 19698    5/15/13

White Copy: Corp. Office    Yellow Copy: Driver    Pink Copy: Consignee

EVANS-POD-2 HR