UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TADEUSZ STROSIN and KRYSTYNA STROSIN,<br>Plaintiffs<br><br>v.<br><br>THE J.M. SMUCKER COMPANY<br><br>And<br><br>THE FOLGERS COFFEE COMPANY<br><br>And<br><br>EXEL LOGISTICS,<br>Defendants | NO. 5:14-cv-07085-JFL<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**I.     FACTUAL AND PROCEDURAL POSTURE**

The parties in this case have exchanged written discovery. On July 8, 2015, Defendants served their responses to Plaintiffs' Interrogatories (Set I) and Requests for Production of Documents (Set I). True and correct copies of Defendants' Answers to Plaintiffs' Interrogatories (Set I) and Responses to Plaintiffs' Requests for Production of Documents (Set I) are attached hereto as Exhibits A and B, respectively.

On or about September 30, 2015, Plaintiffs filed a Motion to Compel More Specific Responses to Discovery Requests relative to Defendants' prior-served written discovery responses. [Document 27]. The gravamen of Plaintiffs' Motion to Compel asserts that, although acknowledging written responses to Plaintiffs' discovery were served, Plaintiffs contend that Defendants' responses are deficient pursuant to Federal

Rule of Civil Procedure 33(d) insofar as they reference documents that contain the requested information instead of specifically responding to Plaintiffs' interrogatories. [Document 27, ¶¶ 14, 30]. Plaintiffs additionally assert that Defendants are obligated to provide a *five-year* look-back regarding prior complaints or claims of improper loading, as opposed to the *two-year* look back already identified by Plaintiffs. Lastly, Plaintiffs assert that Plaintiffs are entitled to additional paginated documents, the substance of which is unknown, based on the pagination of the documents already produced.

The other peripheral issues raised in Plaintiffs' Motion to Compel have largely been cured by Defendants via correspondence dated October 8, 2015, a true and correct copy of which is attached hereto as Exhibit C. Indeed, Defendants concede that Plaintiffs are entitled to verified answers to Plaintiffs' Interrogatories (Set I) and have accordingly provided a signed a written verification. Second, Defendants produced color photos of various exhibits previously produced to Plaintiffs. As further evidence of Defendants' good faith, Defendants responded to Plaintiffs' Motion by directing Plaintiffs to the even more specific page ranges documents that provide the information sought in Plaintiffs' Interrogatories. Lastly, Defendants October 8, 2015 correspondence confirms the extent of their information concerning the current whereabouts of fact witness Kevin Montanez.

The sole remaining discovery disputes for this Honorable Court's determination, therefore, are discussed below.


## II. QUESTIONS PRESENTED:

A. WHETHER PLAINTIFFS' MOTION TO COMPEL SHOULD BE DISMISSED FOR FAILURE TO FILE A BRIEF IN SUPPORT UNDER LOCAL RULE 7.1(c)?

Suggested Answer: In the affirmative.

B. WHETHER DEFENDANTS' REFERENCES TO SPECIFIC BATES-NUMBERED DOCUMENTS ARE SUFFICIENT RESPONSES TO PLAINTIFFS' INTERROGATORIES UNDER F.R.C.P. 33(d) WHERE THE RESPONSES PROVIDE THE PARTICULARIZED BATES-NUMBERS AND WHERE THE INFORMATION IS EQUALLY DISCERNABLE BY PLAINTIFFS?

Suggested Answer: In the affirmative.

C. WHETHER DEFENDANTS' RESPONSE PROVIDING A TWO-YEAR LOOK-BACK REGARDING PRIOR COMPLAINTS OF CLAIMS OF IMPROPER LOADING IS SUFFICIENT WHERE PLAINTIFFS' HAVE FAILED TO ARTICULATE ANY BASIS FOR A LONGER LOOK-BACK PERIOD?

Suggested Answer: In the affirmative.

D. WHETHER PLAINTIFFS' BASELESS REQUEST FOR PAGINATED DOCUMENTS NOT INCLUDED IN THE RECORDS PRODUCED BY DEFENDANTS SHOULD BE GRANTED WHERE PLAINTIFFS HAVE NOT ARTICULATED ANY BASIS THAT SUCH RECORDS ARE REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE?

Suggested Answer: In the affirmative.

## III. DISCUSSION

A. <u>This Honorable Court should deem Plaintiffs' Motion to Compel abandoned because Plaintiffs have failed to file a Brief in Support as required by Local Rule 7.1(c).</u>

Local Rule of Civil Procedure 7.1(c) provides that "[e]very motion not certified as uncontested, or not governed by Local Civil Rule 21.6(g), shall be accompanied by a

3

brief containing . . . authorities relied upon in support of the motion." L.R. 7.1(c). Local Rule 26.1(g), as referenced in Local Rule 7.1(c) provides that:

> A routine motion to compel answers to interrogatories or to compel compliance with a request for production under Fed.R.Civ.P. 34, wherein it is averred that no response or objection has been timely served, [and] need have no accompanying brief[.]

L.R. 26.1(g).

Plaintiffs' Motion to Compel was not accompanied by a brief as required by Local Rule 7.1(c). In light of Plaintiff's contentions in their Motion to Compel regarding the sufficiency of their discovery responses pursuant to F.R.C.P. 33(d), Plaintiffs' Motion does not fall within the ambit of a routine discovery motion contemplated under Local Rule 26.1(g). Indeed, Defendants' written discovery responses have, in fact, been served on Plaintiffs. The substance of Plaintiffs' Motion therefore triggers the briefing requirement contemplated under Local Rule 7.1(c).

The need for an accompanying brief in support of Plaintiffs' Motion to Compel More Specific Responses to Discovery Requests is particularly important in the instant discovery dispute as the parties disagree as to the substantive requirements of F.R.C.P. 33(d). Defendants have been prejudiced by Plaintiffs' failure to comply with the local rules of this Honorable Court insofar as they have been asked to supplement otherwise compliant discovery responses, but have not been provided with any substantive authority governing their obligation to do so.[1] As a result, Defendants The JM Smucker

---

[1] In addition to failing to comply with the briefing requirements set out in Local Rules 7.1(c) and 26.1(g), Plaintiffs' similarly decided to ignore Judge Leeson's Chamber's Policies and Procedures aspirational discovery motions rule, Rule II(C)(3), which provides that the parties may resolve discovery disputes by requesting a telephonic conference with the Court via correspondence to chambers. Plaintiffs' election not to follow this aspirational rule is telling of their tenor throughout discovery in this case.

4

Company, The Folgers Coffee Company, and Exel Logistics respectfully request this Honorable Court grant Defendants' Motion to Strike Plaintiffs' Motion to Compel More Specific Responses and issue an Order in the form proposed.

> B.-D. <u>In the alternative, this Honorable Court should deny Plaintiffs' Motion to Compel because the discoverable information sought by Plaintiffs has been identified and produced by Defendants and where defendants' reference to the specific bates-labeled documents responsive to plaintiffs' interrogatories is sufficient under F.R.C.P. 33(d).</u>

Parties responding to written discovery may reference documents in lieu of providing a direct answer where the response can be determined from the identified writing and where the requesting party can identify the information in the document. Federal Rule of Civil Procedure 33(d) accordingly provides:

> (d) OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could;
>>
>> (...)

F.R.C.P. 33(d).

On October 8, 2015, the undersigned counsel prepare a correspondence to Plaintiffs responding to the issues raised in Plaintiffs' Motion to Compel [Doc. 27]. <u>See</u> Exhibit C. Defendants have taken the added measure of Bates-numbering all records produced to Plaintiffs in order to facilitate the specificity element of Rule 33(d).

Defendants specifically responded to the following issues raised in Plaintiffs' Motion to Compel:

### Lack of Verification

Defendants do not dispute the validity of Plaintiffs' request for a Verification. Accordingly, the Rule 33 Verification was attached to Defendants' October 8, 2015 correspondence. Exhibit C.

### Interrogatory No. 1

Plaintiffs' Interrogatory No. 1 requests "the location and date of that the cargo was loaded into the subject container." Defendants' response makes specific reference to documents Bates-labeled for as EXEL0001-EXEL 0007. Exhibit A, No. 1. As reflected in the Bill of Lading, labeled EXEL0001, the subject container was shipped from the Lacombe facility, 64490 Highway 434, Lacombe, LA 70445. EXEL0046. In supplement to Defendants' prior response, Defendants responded that the container is believed to have been loaded on or about May 8, 2013, as referenced in documents labeled EXEL 130-132, which have similarly been produced to Plaintiffs. Having specified the records and supplemented their prior responses, Defendants particularized reference to EXEL0001-EXEL 0007 is sufficient under F.R.C.P. 33(d).

### Interrogatory No. 2

Interrogatory No. 2 requests that Defendants identify the "cargo, food product, materials and/or packaging that was loaded into the container." Information sought by Plaintiffs in this interrogatory is clearly and unambiguously provided in the Bill of Lading, Bates-labeled as EXEL0001, under "Carrier Information." Having specified the records with information relating thereto, and as deriving this information from the documents

6

provided is no more onerous for Plaintiffs as for Defendants, Defendants' Response is similarly sufficient under F.R.C.P. 33(d)(1).

### Interrogatory No. 3

This interrogatory requests the "name, address, and employer of all individuals who loaded cargo into the subject container." Defendants' response specifically identifies Exel employees Tyrone "Neal" Theall and Clancy Phillips in response to Plaintiffs' interrogatory. In so doing, this interrogatory unequivocally identifies names of individuals sought in Plaintiffs' interrogatory regarding who loaded cargo into the subject container. Similarly, Exel Logistics' Lacombe facility's address is identified throughout Defendants' discovery responses. As Defendants identify the two individuals whose identity is responsive to your request by name, there is no reasonable basis for Plaintiffs to conclude that the sixty-some individuals listed in Bates-numbered documents EXEL0036-0037 responsive to this interrogatory.

Having specified the records and supplemented Plaintiffs with information relating thereto, and as deriving the information from the documents provided is no more onerous for Plaintiffs as for Defendants, Defendants' response is sufficient under F.R.C.P. 33(d)(1).

### Interrogatory Nos. 5-7

Plaintiffs' Interrogatories 5-7 repetitiously seek information regarding, *inter alia*, standards, procedures, protocols, devices, and equipment utilized in conjunction with loading and securing the subject cargo. Defendants agree that the responses do not sufficiently specify the documents that are responsive to the interrogatories. Defendants therefore supplemented their prior responses to Plaintiffs' Interrogatories 5-

7 to make specific reference to documents bates numbered as EXEL0055-EXEL0074. Discovery in this matter is ongoing. Exhibit C. Defendants have therefore fully responded to this interrogatory despite Plaintiffs' contentions.

### Interrogatory No. 11

Interrogatory No. 11 requests "all stops, including the date, location and purpose, of the container from the point where it was initially loaded until the accident." In response to Plaintiffs' interrogatory, Defendants identify documents marked as EXEL0001-EXEL0007. Included in the specific and particularized Bates-stamped documents is the Bill of Lading relating to the subject container and shipment. The Bill of Lading is Bates-stamped EXEL0001. As reflected in the Bill of Lading, the carrier name for the intermodal container that was shipped from New Orleans, LA to Philadelphia, PA was Trio Intermodal, Trailer No. UMXU252304, Serial Number 0485500. Defendants are unaware of the stops made while the container was in route to Philadelphia beyond its arrival in Philadelphia and ultimately at the Breinigsville facility.

Having specified the records and supplemented their prior responses, Defendants particularized reference to EXEL0001-EXEL 0007 is therefore sufficient under F.R.C.P. 33(d).

### Interrogatory Nos. 12 and 13

Interrogatory Nos. 12 and 13 request the name, address, and employer of each individual who verified and determined that the cargo was loaded and secured, as well as the same information relating to any individuals who directed and determined how the cargo was loaded. Defendants thoroughly respond to each interrogatory by

providing the names of the respective individuals. Subsequent to their discovery responses, Defendants confirmed that Tyrone "Neal" Theall was improperly identified in response to Plaintiffs' interrogatory No. 12 as Tyrone "Neal" Tyson. Defendants' October 8, 2015 further confirms by way of supplemental response that the foregoing individuals were employed by Exel Logistics at the time of the May 2013 loading identified and sought by Plaintiffs in their interrogatories.

Having specified the records and supplemented their prior responses, Defendants particularized reference to EXEL0001-EXEL 0007 is therefore sufficient under F.R.C.P. 33(d).

### Interrogatory No. 15

In Plaintiffs' Interrogatory No. 15, Plaintiffs seek "all instances in which it was alleged, or a complaint was made to Defendants, that a container was improperly loaded, braced and/or secured, whether or not injury or a claim resulted." In response to Plaintiffs' overbroad interrogatory, Defendants specifically answered, subject to their objections, that none of the sought-after allegations or complaints identified by Plaintiffs were made within the *two-year* period preceding Plaintiffs' alleged May 15, 2013 injuries.

Although Plaintiffs now propose a *five-year* period of time for information sought in this interrogatory, such a broad and overreaching period remains outside the realm of information discoverable under Rule 26(b). To the contrary, Plaintiffs have failed to offer any basis to contend that a five-year time frame relative to this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Defendants therefore stand on their prior response and objection to this interrogatory.

## Requests for Production of Documents

First, Plaintiffs seek the production of several pages of Exel documents not produced to Plaintiffs relative to the paginated documents already produced by Exel Logistics. The simple fact that certain documents were not produced to Plaintiffs is not a basis for Plaintiffs to seek Defendants to be compelled to produce them. Defendants' discovery responses include the production of documents in response to the matters specifically requested. Plaintiffs cannot assert that unknown pages and omitted chapters or documents are reasonably calculated to lead to the discovery of admissible evidence as such a request is tantamount to a fishing expedition. Absent any basis for the production of the materials sought by Plaintiffs in response to this interrogatory, Defendants are under no obligation to produce them.

Second, the Google Earth Image Bates-stamped as EXEL0054 is indeed illegible as it was a color copy converted to a black and white photo. For Plaintiffs' convenience, a color copy of the same photo was produced in Defendants' October 8, 2015 correspondence.

Lastly, with respect to the request by Plaintiffs for the name, address, phone number, email and employer of fact witness Kevin Montenez, the extent of Defendants' knowledge and information and relating to these matters is reflected in the document Bates-stamped EXEL0035. The document identifies the name, address, and telephone number of Mr. Montenez. Defendants are unaware of any other contact information as requested by Plaintiffs, and are therefore incapable of responding to Plaintiffs' request. Certainly, the information reflected in EXEL0035 is equally discernable by Plaintiffs and therefore not subject to specific identified under F.R.C.P. 33(d).

## IV. CONCLUSION

In light of the foregoing, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Compel More Specific Discovery Responses [Doc. 27].

Respectfully Submitted,

**THOMAS, THOMAS & HAFER, LLP**

Date: 10/13/15   By: */s/ Joshua J. Bovender*
Hugh P. O'Neill, Esquire
I.D. No. 69986
Joshua J. Bovender, Esquire
I.D. No. 314001
305 North Front Street
Harrisburg, PA 17101
*Counsel for Defendants*
jbovender@tthlaw.com

1841679.1