**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TADEUSZ STROSIN and KRYSTYNA STROSIN, | |
| Plaintiffs | NO. 5:14-cv-07085-JFL |
| v. | |
| THE J.M. SMUCKER COMPANY, THE FOLGERS COFFEE COMPANY and EXEL LOGISTICS, | JURY TRIAL DEMANDED |
| Defendants | |

**DEFENDANTS THE J.M. SMUCKER COMPANY, THE FOLGERS COFFEE COMPANY, AND EXEL LOGISTICS' BRIEF IN OPPOSITION TO ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO INTERVENE AS A PARTY PLAINTIFF**

**I.      INTRODUCTION**

Non-party Atlantic Specialty Insurance Company requests leave to intervene as a plaintiff in this case. Atlantic's Motion is unfounded and must be denied under Federal Rule of Civil Procedure 24(a) because the motion is untimely, the disposition of the case without Atlantic's intervention will not harm its subrogation interest, and because Atlantic's interests are adequately represented by Plaintiffs. The Motion must also be denied pursuant to F.R.C.P. 24(b) because the permissive intervention of Atlantic prejudices all parties given the likelihood of introduction of evidence Plaintiff's insurance coverage and related policies.

## II.    FACTUAL AND PROCEDURAL POSTURE

Plaintiffs Tadeusz and Krystyna Strosin commenced the instant negligence action on December 12, 2014. [Doc. 1]. Plaintiffs' claims arise from a shipping incident that occurred after Plaintiff Tadeusz Strosin opened the rear doors to a commercial shipping container on May 15, 2013. [Doc. 1, ¶¶ 12-19]. Plaintiff alleges that the accident occurred when packaged goods fell from the container onto Plaintiff. [Doc. 1, ¶¶ 12-19]. On November 12, 2015, Atlantic Specialty Insurance Company filed a Motion to Intervene as a Party Plaintiff pursuant to F.R.C.P. 24(a) (intervention as of right) and 24(b) (permissive intervention). [Doc. 34]. Atlantic asserts lien rights in the amount of $74,750.99, which Atlantic alleges was paid to Mr. Strosin pursuant to a temporary total disability policy in effect at the time of May 15, 2013 incident at issue in Plaintiffs' Complaint. [Doc. 34, p. 2, n. 3].[1]

As discussed below, Atlantic's interest in intervening falls well short of the threshold requirements under both F.C.R.P. 24(a) and 24(b) because Atlantic's Motion is untimely, does not affect Atlantic's subrogation rights, does not affect the adequacy of Plaintiffs' representation, and would unduly prejudice all Plaintiffs and Defendants in the instant action.

---

[1] Defendants make no adoptions or admissions of the putative lien rights asserted by Atlantic. This Brief does not waive any defenses Defendants against Atlantic's claims.

III.    **QUESTIONS PRESENTED:**

A.      WHETHER THIS HONORABLE COURT SHOULD DENY ATLANTIC'S MOTION TO INTERVENE PURSUANT TO F.R.C.P. 24(a) WHERE THE MOTION IS UNTIMELY, THE DISPOSITION OF THE CASE WITHOUT ATLANTIC'S INTERVENTION WILL NOT HARM ATLANTIC'S SUBROGATION INTEREST, AND WHERE ATLANTIC'S INTERESTS ARE ADEQUATELY REPRESENTED BY PLAINTIFFS?

Suggested Answer: In the affirmative.

B.      WHETHER THIS HONORABLE COURT SHOULD DENY ATLANTIC'S MOTION TO INTERVENE PURSUANT TO F.R.C.P. 24(b) WHERE THE MOTION IS UNTIMELY AND WHERE THE PERMISSIVE INTERVENTION OF ATLANTIC PREJUDICES ALL PARTIES GIVEN THE LIKELIHOOD OF INTRODUCTION OF EVIDENCE INSURANCE MATTERS TO THIS LITIGATION?

Suggested Answer: In the affirmative.

IV.    **DISCUSSION**

The Federal Rules of Civil Procedure allow for two bases for non-parties to intervene as plaintiffs. Rule 24(a) allows for intervention *as of right* and Rule 24(b) allows for *permissive* intervention. Atlantic Specialty has raised both in its Motion to Intervene, however, intervention is improper in both instances.

A.      This Honorable Court should deny Atlantic's Motion to Intervene pursuant to F.R.C.P. 24(a) because the Motion is untimely, the disposition of the case without Atlantic's intervention will not harm Atlantic's subrogation interest, and because Atlantic's interests are adequately represented by Plaintiffs.

Federal Rule of Civil Procedure 24(a), titled provides that, on timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by federal statute; or

> (2) *claims an interest relation to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.*

F.R.C.P. 24(a) (emphasis added).

The Third Circuit has established a four-part test based upon the language of F.R.C.P. 24(a)(2) to determine whether a movant is entitled to intervene: (1) the application must be timely; (2) the applicant must have a sufficient interest in the litigation; (3) the interest may be practically affected or impaired by the disposition of the action, and (4) the interest is not adequately represented by an existing party. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir.1995) (quoting *Harris v. Pemsley*, 820 F.2d 592 (3d Cir.1987)). The express language of the four-pronged test is read in the conjunctive and requires that each of the four prongs be satisfied in order for intervention to be proper as of right under F.R.C.P. 24(a). *Id.*

### i.      Atlantic's Motion is Untimely

"To determine whether the intervention is timely, [courts] have listed three factors for courts to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top*, 72 F.3d at 369 (internal citation omitted). The critical inquiry rests in the *extent of the proceedings of substance that have occurred at the time of the attempt to intervene. Id.*

As a threshold matter, the fact discovery deadline in this case expires five weeks from the filing of the instant Brief on December 31, 2015. In sidestepping the timeliness requirement, Atlantic makes the utterly backwards contention that no additional discovery would be needed if they are permitted to intervene. To the contrary, the

4

present parties to this action will be left with no time to conduct their own discovery as to Atlantic's near $75,000 lien. Such discovery will include the investigation of the legal basis for Atlantic's putative subrogation claim, the extent of the recoverable lien amount, and the reasonableness and necessity of the benefits provided. By the time briefing is completed and oral argument held, the fact discovery deadline will have already passed. [Doc. 18]. It is a gross mischaracterization for Atlantic to represent that no additional discovery would be needed if Atlantic is permitted to intervene in light of the investigative endeavors needed to undertake in assessing the merit of Atlantic's alleged lien rights.

Moreover, as to the prior-conducted discovery and extensive Motions practice conduct in this case, Plaintiff Tadeusz Strosin has already been deposed. The parties have already engaged in voluminous written discovery. Six key fact witnesses have been deposed, including emergency personnel and medical providers who may have possessed information relating to the reasonableness and necessity of the medical services included in Atlantic's lien. An additional seven fact witnesses are scheduled to be deposed by December 9, 2015. The scheduled depositions will be held on December 1, 2015 in Lacombe, Louisiana, and again on December 9, 2015 in Allentown, Pennsylvania. The depositions will almost invariably be completed by the time Atlantic's Motion is ruled upon. Further still, the Plaintiffs and Defendants have engaged in nearly all-encompassing motions practice that has resulted in multiple discovery orders and telephone conferences with the Court and counsel.

As result of the extent and substance of the motions practice, completed discovery, and limited remaining five weeks (as of the date of this brief) for Plaintiffs and

Defendants to discovery information relating to Atlantic's alleged lien, Atlantic's Motion is untimely and must be denied.

ii.     Atlantic's Interest Will Not Be Impaired

Atlantic must also show that its interest may be practically affected or impaired by the disposition of the action. Tellingly, all of the case law cited by Atlantic on this issue concludes that a third-party insurer seeking to protect a subrogation interest is **not** entitled to intervene. *Olden v. Hagerstown Cash Reg.*, 619 F.2d 271, 275 (3d Cir. 1908); *McGinnis v. U.S. Screw & Bolt Corp.*, 637 F.Supp. 9, 11 (E.D. Pa. 1985) (Broderick, J.); *see also Prescott v. R&L Carriers*, 2013 WL 156569, *2-4 (W.D. Pa., Jan. 15 2013) (memorandum opinion denying insurance carrier's motion to intervene pursuant to F.R.C.P. 24(a) and 24(b)); *Rallis v. Trans World Music Corp.*, 1994 WL 52753 (E.D. Pa., Feb. 22, 1994) (same result) (Buckwalter, J.).

In *McGinnis v. United States Screw & Bolt Corp.*, for example, a workers' compensation insurance carrier sought to intervene as third-party plaintiff in a products liability action brought by the injured worker. The insurer sought to protect its interest in a workers' compensation lien. The insurer argued that an inability to intervene would impair or impede its ability to collect on its lien because the plaintiff may settle **without honoring the insurer's lien** and the carrier would be forced to sue the defendant itself. *McGinnis* at 10. The District Court found that the insurer did not establish that a failure to intervene would "impair or impede" its ability to collect on the lien simply because it may be required to file suit on its own later. In other words, the ability of the insurer to file its own suit was held to be sufficient to overcome any showing of impairing or impeding the insurer's recovery rights.

6

Atlantic relies, in part, on the identical assertion that it will be forced to file a separate action against the Plaintiffs or against the alleged tortfeasors in order to recover its lien amount.   [Doc. 34, p. 6 ("Atlantic . . . should not be required to file another action to assert its interest when the same facts that will be the subject of discovery and trial in this action will also be pertinent to Atlantic['s] . . . claim.")].   This mere allegation is insufficient to warrant intervention as of right under F.R.C.P. 24(a). As in *McGinnis,* the simple fact a would-be intervener may need to a separate lawsuit is an insufficient basis for intervention under F.R.C.P. 24(a).

Atlantic also argues its interest may be impaired as Plaintiffs dispute the existence or enforceability of Atlantic's alleged lien rights and subrogation interest. [Doc. 34, p. 4-5].   However, as discussed above, Atlantic has failed to meet its burden in showing that the adjudication of the liability case without Atlantic's involvement precludes Atlantic from bringing a separate against the Plaintiffs to recover the monies owed.   Indeed, Atlantic is free to file suit against Plaintiffs to enforce any lienholder rights they may have in the event monies are paid, by settlement, verdict, or otherwise, to Plaintiffs in the instant action.[2]   As a result, Atlantic has failed to meet its burden in showing that its interests will be impaired if they are not permitted to intervene as of right under F.R.C.P. 24(a).

---

[2] Defendants have denied liability to Plaintiffs' claims and allegations in all respects. The arguments contained herein shall not be deemed a waiver of any defenses, nor shall any arguments raised herein constitute and adoption or admission of any aspects of Plaintiffs' claims against Defendants.

7

iii.     *Representation by an Existing Party is Adequate*

As an additional element of proof, a putative intervener must meet its burden in showing that representation by an existing party is inadequate.  The Third Circuit has provided three grounds for establishing inadequate representation:

> Representation is considered inadequate on any of the following three grounds: (1) *that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests*; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit. The burden, although minimal, is on the applicant to show that his interests are not adequately represented by the existing parties.

*Rallis v. Trans World Music Corp.*, 1994 WL 52753 (E.D. Pa. 1994) (citing *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir.1992)) (emphasis added).

In this case, the only basis for insufficient representation alleged by Atlantic relates to whether Atlantic's interests "diverge sufficiently" from the Plaintiffs.  As discussed below, Atlantic and the Plaintiffs' interests are identical as both seek the largest recovery possible against the Defendants in this case.  The mere fact that Plaintiffs dispute the applicability of the lien, however, **does not in any way impair or affect Plaintiffs' attempt to recover the greatest amount of damages as possible in the instant negligence action.**

For example, in *Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271 (3d Cir. 1980), a man was killed in a midair plane crash while he was on the job and his employer's insurance carrier began making comprehensive payments of death benefits to the man's spouse. *Id.* at 272.  The spouse brought a wrongful death action against the other airline. *Id.*  The insurance carrier sought to insert itself in the action to protect

8

its interest in the workers' compensation lien and, after compromise negotiations with Plaintiff's counsel failed, filed a Motion to Intervene under Rule 24. *Id.* at 273.

The magistrate judge in *Olden* ruled that the carrier's argument that the plaintiff could compromise the lien was not enough to establish inadequate representation because at the stage where the carrier sought to intervene, both Plaintiff and the carrier were seeking the largest recovery possible. *Id.* at 274. On appeal, the Third Circuit Court of Appeals affirmed the ruling and held that the ***conflict between the carrier and Plaintiff was not a sufficient reason to find that the carrier's interests were not adequately represented by the Plaintiff.*** *Id.* The Third Circuit stated, "The response to this concern, as the district judge recognized, is to permit the [carrier] to act in protection of its interests once the verdict has been reached." *Id.*; see *also Prescott, supra*, 2013 WL at *3-4.

As a result, the interests of Atlantic and Plaintiffs do not "diverge sufficiently" by mere virtue of the discord as to the recoverability of Atlantic's lien rights. Atlantic is insufficient to permit intervention because Atlantic is free to act in protection of its own interests once a verdict has been reached. Atlantic's attempt to intervene pursuant to F.R.C.P. 24(a) is therefore misplaced and should be denied.

B.     This Honorable Court should deny Atlantic's Motion to Intervene pursuant to F.R.C.P. 24(b) because the Motion is untimely and because the permissive intervention of Atlantic prejudices all parties given the likelihood of introduction of evidence Plaintiff's insurance.

Having failed to meet its burden in showing mandatory intervention, Atlantic next relies upon F.R.C.P. 24(b)'s permissive intervention provisions to intervene in this case. Permissive intervention is permitted only when a timely application is filed and some basis, either by law or common questions of law or fact, exists to warrant intervention. F.R.C.P. 24(b)(1)(A)-(B).   The entranceway to joining a suit under the banner of permissive intervention is guarded by the sound discretion of the trial court.  F.R.C.P. 24(b)(3).  Rule 24(b)(3) expressly provides that, "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

### i.     Atlantic's Motion is Untimely

As a threshold matter, and as discussed in Section A(i) of Defendants' Brief, *supra*, Atlantic's Motion is untimely.  This case is subject to a December 31, 2015 discovery deadline.    Voluminous written discovery has been completed and approximately ten depositions will have been taken by the time Atlantic's Motion is ruled upon.  The parties have also engaged in numerous instances of motions practice and discovery disputes.  Perhaps most importantly, however, the extent of discovery the present parties will need to undertake in assessing the validity and amount of Atlantic's putative lien rights, for which no time will be left in advance of the discovery deadline, is insurmountable with fewer than five weeks until the expiration of the fact discovery deadline. Atlantic's Motion is therefore untimely and is not proper under F.R.C.P. 24(b).

10

ii.    *Plaintiffs and Defendants Will Be Unduly Prejudiced if*
       *Atlantic is Permitted to Intervene*

Atlantic's intervention, if permitted, prejudices the parties because the jury would

be made aware of the presence of an insurance entity as a party at trial.  This undue

prejudice will affect both Plaintiffs and Defendants because it dramatically increases the

likelihood of a prejudicial disclosure of the existence of the insurance-related matters at

trial.  *See, e.g., Olden, supra,* 619 F.2d at 273, 275 ("[T]he district judge found that the

[insurer's] presence might lead to the disclosure of workmen's compensation, possibly

prejudicing the plaintiff before the jury . . . .  After reviewing the factors relied on by the

district court in denying the motion, we find no abuse of discretion."); *McGinnis, supra,*

637 F. Supp. at 11 ("[I]n the event [the insurer] is seeking permissive intervention the

Court would, in its discretion, decline to permit it...[because] as the *Olden* court

observed, the presence of an insurance carrier as a party at trial might lead to the

prejudicial disclosure of the existence of workmen's compensation."); *Prescott, supra,*

2013 WL 156569 at *3 ("[T]he Court finds there a possibility that permitting Petitioner to

intervene will result in prejudice to Plaintiff.").

Atlantic is an insurance company who wishes to join this case, attend trial, and

pursue recovery of its lien rights against the alleged tortfeasors.  Atlantic ignores this

patently obvious fact and, as a result, as a result, cannot overcome the substantial

likelihood of undue prejudice or delay under Rule 24(b)(3).  Instead, Atlantic baldly

asserts "no delay or prejudice will result from adjudicating" its claim in this action.  [Doc.

34, p. 7].  Therefore, as the Third Circuit acknowledged in *Olden,* and as the Eastern

District explained in *McGinnis,* "the presence of an insurance carrier as a party at trial

might lead to the prejudicial disclosure of the existence of workmen's compensation."

## V.    CONCLUSION

In light of the foregoing, Defendants The J.M. Smucker Company, The Folger Coffee Company, and Exel Logistics respectfully request that this Honorable Court deny Atlantic Specialty Insurance Company's Motion to Intervene as a Party Plaintiff.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

/s/ Joshua J. Bovender

Date:  November 25, 2015          By:    _____

Hugh P. O'Neill, Esquire
I.D. No. 69986
Joshua J. Bovender, Esquire
I.D. No. 314001
305 North Front Street
Harrisburg, PA  17101
*Counsel for Defendants*
jbovender@tthlaw.com