**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TADEUSZ STROSIN and KRYSTYNA STROSIN, :<br>Plaintiffs : | NO. 5:14-cv-07085-LS |
| v. : | |
| THE J.M. SMUCKER COMPANY :<br>and :<br>THE FOLGERS COFFEE COMPANY :<br>and :<br>EXEL LOGISTICS, :<br>Defendants : | |

## O R D E R

**AND NOW**, this _____ day of _____ 2015, upon consideration of the Motion of Atlantic Specialty Insurance Company to Intervene as a Party Plaintiff (Doc. No. 34), and Plaintiffs' response in opposition thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.**

BY THE COURT:

_____
                                    J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TADEUSZ STROSIN and KRYSTYNA STROSIN,<br>      Plaintiffs<br><br>v.<br><br>THE J.M. SMUCKER COMPANY<br>   and<br>THE FOLGERS COFFEE COMPANY<br>   and<br>EXEL LOGISTICS,<br>      Defendants | NO. 5:14-cv-07085-LS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION OF ATLANTIC SPECIALTY INSURANCE COMPANY TO INTERVENE AS A PARTY PLAINTIFF**

  Plaintiffs hereby incorporate their memorandum of law in opposition to the Motion of Atlantic Specialty Insurance Company to Intervene as a Party Plaintiff as a response to said Motion.

                **TUCKER LAW GROUP, LLC**

Dated: November 27, 2015       By: /s/Kathleen Kirkpatrick
                Kathleen Kirkpatrick, Esquire
                1617 JFK Boulevard, Suite 1700
                Philadelphia, PA  19103
                (215) 875-0609
                Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TADEUSZ STROSIN and KRYSTYNA STROSIN,<br>　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>THE J.M. SMUCKER COMPANY<br>　　　and<br>THE FOLGERS COFFEE COMPANY<br>　　　and<br>EXEL LOGISTICS,<br>　　　　　　　Defendants | NO. 5:14-cv-07085-LS |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF ATLANTIC SPECIALTY INSURANCE COMPANY TO INTERVENE AS A PARTY PLAINTIFF**

Plaintiffs, Tadeusz Strosin ("Mr. Strosin") and Krystyna Strosin ("Plaintiffs"), file the within response in opposition to the Motion of Atlantic Specialty Insurance Company ("Atlantic") to Intervene as a Party Plaintiff.

**A. Atlantic Specialty Insurance Company's motion to intervene is untimely.**

An application to intervene, whether of right or by permission, must be made timely under Rule 24. In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982). Timeliness is determined by considering the totality of the circumstances and the following factors: (1) the stage of the proceedings reached when the movant seeks to intervene, (2) the prejudice that the resulting delay might cause to other parties, and (3) the reason for the delay. Choike v. Slippery Rock Univ. of Pa. of State System of Higher Education, 297 Fed. Appx. 138, 140 (3d Cir. 2008) (citing In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir.1982)). Timeliness is "measured from the point

at which the applicant knew or should have known, of the risk to its rights." <u>Gov't of the V.I. v. Lansdale</u>, 2010 U.S. Dist. LEXIS 75804, *7 (D.V.I. July 26, 2010).

Atlantic knew of its alleged lien interest as early as September 2014. (See Ex. A, letter from One Beacon with itemization of alleged lien.) However, it waited until November 12, 2015, over one year later, to file a motion to intervene. In the interim, pleadings have been closed and most of discovery completed. The discovery deadline is one and one half months from the date the Motion was filed. By the time the Motion will be decided, the discovery deadline will likely be less than one month away. Atlantic provides no explanation for its delay. Plaintiffs will be prejudiced by any late intervention due to the fact that it will occur on the eve of the discovery deadline. Thus, Atlantic's Motion should be dismissed in the first instance. <u>Gov't of the V.I.</u>, 2010 U.S. Dist. LEXIS 75804 (motion to intervene was untimely where it was filed at a late stage of the proceeding and the applicants did not provide sufficient reason for the delay).

## B. Atlantic Specialty Insurance Company does not satisfy the requirements for intervention as of right.

Intervention as of right has been considered under a four-part test, under which the party wishing to intervene must show: 1) timeliness; 2) interest relating to subject matter of the main action; 3) at least potential impairment of interest if the action is resolved without the intervener; and 4) lack of adequate representation by the existing parties. <u>Woodring v Culbertson</u>, 227 F.R.D. 290, 292 (N.D. Ind. April 14, 2005). Furthermore, "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene." <u>Susquenita Sch. Dist. v. G.W.</u>, 2012 U.S. Dist. LEXIS 59422, *8 (M.D.Pa. April 13, 2012) <u>citing</u> <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419

F.3d 216, 220-21 (3d Cir. 2005); see also Gov't of the V.I., 2010 U.S. Dist. LEXIS at *11 (where an applicant's interest is merely economic, intervention will be denied). "Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Susquenita Sch. Dist., 2012 U.S. Dist. LEXIS at *8. Here, Atlantic's interest is not timely, as discussed above, and it has no interest in the subject matter of the main action. The main action involves a determination of whether Defendants were negligent and whether such negligence caused personal injuries to Plaintiff. Moreover, there will be no impairment of an interest if the action is resolved without the intervener because Atlantic has no right to assert a lien against the proceeds of this matter. Griesser v. Amtrak, 761 A.2d 606, 609 (Pa. Super. Ct. 2000) (evidence of payments from a collateral source are inadmissible at trial). Atlantic is a private company and has no statutory right to subrogation or collection of any disability payments paid out to its beneficiaries. Finally, Atlantic's interest is purely economic, which is insufficient to warrant intervention as of right. Gov't of the V.I., 2010 U.S. Dist. LEXIS 75804 at *11.

### C. Atlantic Specialty Insurance Company does not satisfy the requirements for permissive intervention.

Atlantic's alleged claim does not share a common question of law or fact with the main action, and thus permissive intervention is improper. The main action involves whether Defendants improperly and negligently loaded cargo into the subject tractor-trailer and whether such loading caused injury to Plaintiff. Atlantic's claim is entirely different and involves whether Atlantic has a right to assert a lien against any proceeds received in this matter for disability benefits that it paid.  This issue is entirely separate

and distinct from the negligence issues involved in the underlying case. Both the facts and the law surrounding Atlantic's claims are different that those in the underlying action. See Gov't of the V.I. v. Lansdale, 2010 U.S. Dist. LEXIS at *13-14 (no common question of law or fact was found to warrant intervention where the underlying case involved a tax dispute, but the intervener's claim pertained to a dispute over attorney's fees); Harris v Pernsley, 113 F.R.D. 615 (E.D.Pa. Dec. 31, 1986) (no permissive intervention where the only common question involved the possible remedy under the existing parties' settlement proposal to which the district attorney objected, and there was no common question regarding law or fact relevant to the main action); Laker Airways, Ltd. v Pan American World Airways, 109 FRD 541, 544 (D.D.C. August 29, 1985) (attorney's attempt to intervene to obtain attorneys' fees did not present common question of law or fact with main action, and intervention would not aid in achieving judicial economy but could jeopardize settlement and thus prejudice the parties in the main action).

     Atlantic's intervention in this matter would add nothing beyond complexity and confusion. It would further inject issues of insurance, which would be highly prejudicial to Plaintiffs. Finally, it would further disturb any attempts at settlement in this matter. Permitting Atlantic to intervene here would transform nearly every personal injury to action to one involving not only issues of negligence but also contract and statutory issues pertaining to the payment of liens. See Glyn v. Roy Al Boat Management Corp., 897 F. Supp. 451, 453 (D.C. Hawaii March 27, 1995)  (lienholder's attempt to intervene was denied where he had no interest in the underlying matter and granting intervention would transform every civil suit into an exaggerated interpleader action wherein all

potential creditors of all parties could assert their rights). This is not what the interpleader Rule intended, nor would it be beneficial to the parties of the efficient resolution of cases.

### D. Atlantic is not entitled to recover benefits paid from the proceeds of this litigation under the collateral source rule.

Atlantic has no real interest in this matter because evidence of the payment of disability payments is inadmissible under the collateral source rule. The collateral source rule is intended to protect tort victims by providing that payment from a collateral source shall not diminish the damages otherwise recoverable from the wrongdoer. Simmons v. Cobb, 906 A.2d 582, 585 (Pa. Super. Ct. 2006). Thus, the rule prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt of benefits from a collateral source for the same injuries that were caused by the defendant. Id., quoting Collins v. Cement Express, 447 A.2d 987, 988 (Pa. Super. Ct. 1982). Evidence of collateral benefits distracts the jury from the issues in the case and has a strong likelihood of prejudicing the plaintiffs. Griesser, 761 A.2d at 612.

Even in instances where the third party clearly had a right to assert a lien, which is not the case here, Courts have been reluctant to permit intervention under Rule 24. Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271 (3d Cir. 1980) (denying workers' compensation carrier's motion to intervene); Chase Manhattan Bank v Corporacion Hotelera De Puerto Rico, 45 FRD 448, 449 (P.R. Dec. 13, 1968) (rights and claims of third party mortgagee are separate and distinct from those of first mortgagee and he has no right to intervene in foreclosure action); Coffey v Strickland Transport-Leasing Co., 1985 U.S. Dist. LEXIS 22018, *4 (S.D.Ga. March 7, 1985)

(insurer not permitted to intervene to assert a subrogation right in a personal injury action).

 For the foregoing reasons, Plaintiffs respectfully request that this Court deny Atlantic's Motion.

         Respectfully submitted,

         **TUCKER LAW GROUP, LLC**

Date: November 27, 2015   By: /s/ Kathleen Kirkpatrick
           Joe H. Tucker, Jr., Esquire
           Kathleen Kirkpatrick, Esquire
           1617 JFK Boulevard, Suite 1700
           Philadelphia, PA  19103
           (215) 875-0609
           Attorneys for Plaintiffs